UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KENNETH LOVEDAY, ) | |
| ) | |
|     *Plaintiff*, ) | Case No. 1:15-CV-196 |
| ) | |
| v. ) | |
| ) | Judge Curtis L. Collier |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | Magistrate Judge Susan K. Lee |
|     *Defendant*. ) | |

**M E M O R A N D U M**

Plaintiff, Kenneth Loveday, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of Defendant, Commissioner of Social Security, denying Plaintiff disability insurance benefits. Pursuant to 28 U.S.C. § 636(b) and in accordance with Fed. R. Civ. P. 72(b), the Court referred the matter to United States Magistrate Judge Susan K. Lee for a report and recommendation (an "R&R") regarding the disposition of Plaintiff's motion for judgment on the pleadings (Doc. 13) and Defendant's motion for summary judgment (Doc. 16). The magistrate judge filed an R&R recommending Plaintiff's motion for judgment on the pleadings be denied, Defendant's motion for summary judgment be granted, and the Commissioner's decision be affirmed. (Doc. 19.) Plaintiff timely filed objections to the R&R (Doc. 20) and Defendant timely submitted a response (Doc. 21). For the following reasons, the Court **ACCEPTS** and **ADOPTS** the magistrate judge's R&R.

I.    **STANDARD OF REVIEW**

The Court conducts *de novo* review of portions of the R&R to which objections are made, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or

recommendations. 28 U.S.C. § 636(b)(1). The Court's review is limited to determining if the findings of the Administrative Law Judge (the "ALJ") are supported by substantial evidence and determining if the ALJ applied proper legal standards. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*per curiam*). Substantial evidence in this context is evidence a reasonable mind might accept to support the conclusion at issue; it is greater than a scintilla of evidence but less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The substantial-evidence standard allows for a zone of choice within which an ALJ may exercise discretion without interference from the courts. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). The Court will therefore affirm an ALJ's findings which are supported by substantial evidence, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). Additionally, an ALJ is not required to support his or her decision with discussion of every aspect of the record. An ALJ need only "articulate with specificity reasons for the findings and conclusions that he or she makes." *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985)).

## II.     **DISCUSSION**[1]

Plaintiff presents three objections to the R&R: Plaintiff alleges (1) "the Magistrate erred in finding the ALJ's treatment of the 'bought and purchased' opinion of the independent medical examiner was not reversible error"; (2) "the Magistrate erred by upholding the ALJ's inappropriate deference to the file reviewing medical consultant over the examining and treating physicians"; and (3) "the Magistrate erred in stating the standard of review in regards to the ALJ's credibility determination and in upholding the ALJ's determination." (Doc. 20 at 2.) These objections,

---

[1] Because Plaintiff does not object to the magistrate judge's basic recitation of the facts, the Court will not repeat them here.

2

discussed below, are insufficient to support rejection or modification of the magistrate judge's R&R.

As an initial matter, Plaintiff's first two objections are merely restatements of the two issues Plaintiff raised in his motion for judgment on the pleadings. (*See* Doc. 14 at 1.) An objection to an R&R that accomplishes "nothing more than stat[ing] a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Daniels v. Colvin*, 2016 WL 792416, at *1 (E.D. Tenn. Feb. 29, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004)). The Court may treat objections which amount to disagreements with the magistrate judge or merely restate previous arguments as waived. *Daniels*, 2016 WL 792416, at *1 (finding objections to an R&R in a Social Security case did "nothing more than state a disagreement with the magistrate judge's suggested resolution" and treating such objections as waived by the objecting party).

Here, Plaintiff's first two objections are simply disagreements with the magistrate judge and mere restatements of arguments raised in Plaintiff's motion for judgment on the pleadings. Plaintiff first argues the ALJ's characterization of Dr. John McElligott's[2] opinion as "bought and purchased" was an inappropriate reason to attach little weight to this particular opinion. (Doc. 20 at 3.) For the reasons stated above, the Court may treat this objection as waived; however, it is also without merit. First, Plaintiff concedes in his objection that ALJs are not required to provide "good" reasons to explain the weight afforded to the opinions of non-examining physicians. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Plaintiff then quotes the ALJ's satisfactory explanation of his concerns regarding this type of medical opinion. (Doc. 20 at 4.)

---

[2] Dr. John McElligott is an internist and independent medical examiner commissioned by Plaintiff's long term disability insurer. (Doc. 9 at 34.)

3

The ALJ characterized these opinions as "not supported by longitudinal records" and "simply one man's opinion at a certain point in time," (*id.*; Doc. 9 at 77), in contrast to the opinions of doctors who have significant and extended contact with a patient. Given the ALJ's discretion, these are sufficient reasons to attach little weight to the medical examiner's opinion.

Plaintiff's second objection presents similar problems. Plaintiff argues the ALJ inappropriately attached weight to the opinions of medical consultants at the expense of attaching weight to the opinions of examining and treating physicians. (Doc. 20 at 5.) Again, the Court may treat this objection as waived; but it is also without merit. Although a treating physician's opinion is normally entitled to controlling weight when supported by "medically acceptable clinical and laboratory diagnostic techniques," this is not the case when the opinion is "inconsistent with other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(c)(2)) (alteration in original). When determining whether a medical opinion is inconsistent with other substantial evidence, ALJs look to the record as a whole, not only to other medical opinions. *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 628–29 (6th Cir. 2016).

First, it is clear the ALJ did, in fact, attach significant weight to the opinion of Dr. Subroto Kundu, Plaintiff's treating neurologist. (*See* Doc. 9 at 28–30) (The ALJ observed, for example, that "Dr. Kundu advised the claimant that he had few objective deficits, and his claims of difficulty with speaking and an inability to drive were difficult to attribute to his stroke. He further stated that he had 'no major pathologies demonstrable in the investigative workup in the context of his stroke.'"). Second, the ALJ explained that the opinions of Plaintiff's other treating and examining physicians were inconsistent with several medical opinions in the record (Doc. 9 at 28–30), and with Plaintiff's own statements describing activities he regularly performed, such as

grocery shopping, mowing the lawn, and gardening (Doc. 9 at 31). These inconsistencies are appropriate reasons for an ALJ to attach little weight to the opinion of an examining and treating physician.

Plaintiff's final objection is to the magistrate judge's characterization of the standard of review of an ALJ's credibility determination and to the subsequent application of that standard. (Doc. 20 at 7.) This objection is without merit. The magistrate judge correctly stated the standard of review for an ALJ's credibility determination in an extensive explanation complete with appropriate citations to Sixth Circuit case law. (Doc. 19 at 17–18) (For example, "[s]uch substantial deference has been held to mean that 'an ALJ's credibility findings are virtually unchallengeable.'" (quoting *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013))). The magistrate judge then correctly applied the standard of review, finding the ALJ's determination regarding Plaintiff's credibility was supported by substantial evidence in the record. (*Id*. at 18–21.) The ALJ identified specific record evidence on which he based his determination, including a lack of significant, objective medical findings to support Plaintiff's complaints, inconsistency between Plaintiff's reported day-to-day activities (mowing, gardening, etc.) and his other testimony, and Plaintiff's demeanor during the hearing. (Doc. 9 at 32.) The record as a whole thus provides substantial evidence to support the ALJ's credibility determination.

The Court therefore finds each of Plaintiff's objections to the R&R either waived or without merit.

### III. CONCLUSION

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's

R&R (Doc. 19), **DENY** Plaintiff's motion for judgment on the pleadings (Doc. 13), **GRANT** Defendant's motion for summary judgment (Doc. 16), and **AFFIRM** the Commissioner's decision.

An appropriate Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**